McRAE, Justice,
dissenting:
This Court’s decision in Jernigan v. Jernigan, 625 So.2d 782 (Miss.1993) incorrectly gave Kay Jernigan a “third bite of the apple,” allowing her to seek the equitable distribution of assets stemming from property acquired during the marriage seven years after a divorce decree was entered. Her claims of an ownership interest in the former marital dwelling, the rights to insurance proceeds paid by Southern Farm Bureau after it burned, and an interest in the house as it was rebuilt during a period of post-divorce cohabitation are no less barred by the doctrines of res judicata and equitable estoppel now than they were in 1993. See Jernigan, 625 So.2d at 785 (McRae, J., dissenting). Today’s decision, therefore, merely gives her yet another bite at the apple, with which I disagree.
Under the terms of the divorce decree, Kay’s legal interest in the property at issue ended when the couple’s younger son turned eighteen:
The May 22, 1985, divorce decree gave Kay only a possessory interest in the house and adjoining two acres of land until the couple’s younger son, Levert, reached the age of eighteen. Levert Jernigan cele *391 brated his eighteenth birthday on September 18, 1986, one year and four months after the final decree was entered. On that date, Kay’s legal interest in the property ceased. She did not petition the court for modification of the final decree at that time nor did her resumed cohabitation with Romie change her legal status with regard to the property. Instead, it could be argued that Kay owes her former husband rent for the time she lived in the house after September, 1986.
Jemigan, 625 So.2d at 786. Thus, the matter of Kay’s entitlement to any monetary interest in the marital dwelling or proceeds derived therefrom long ago was resolved. Having nothing more than a temporary pos-sessory interest in the property, the chancellor properly declined to address Kay’s “equitable interest” in the $30,000 dwelling insurance proceeds that Romie received. We cannot, therefore, chide the chancellor for “ignoring” the issue.
The majority, however, finds that in addition to the $12,000 awarded to Kay for monies she contributed to the reconstruction of the house, which included some $8,000 in contents insurance proceeds she received, she also may be entitled to a share of the $30,000 dwelling insurance proceeds paid to Romie after the original house burned in 1991, which subsequently were applied to the rebuilding. Operating on the mistaken presumption that Kay had an equitable interest in the property, the majority notes that she made substantial contributions to the accumulation of real property during the marriage and during the six years that the couple lived together after the divorce. While assets accumulated by the joint efforts of a couple living together without the benefit of marriage may be subject to equitable distribution, Pickens v. Pickens, 490 So.2d 872, 875 (Miss.1986), the property interest which Kay seeks to share were acquired during the marriage. In fact, it is her share in the marital assets that the parties have been litigating and relitigating, despite the terms of the 1985 divorce decree terminating Kay’s interest in the marital dwelling when the couple’s younger son turned eighteen. Thus, her contributions subsequent to the divorce are not material to any division of marital property and should not be considered by the chancellor. To find otherwise unduly rewards her for waiting many years after the divorce to address matters that should have been raised at the time of the final decree.
In making an equitable division of property, the chancellor is not required to divide the property equally. Love v. Love, 687 So.2d 1229, 1231-32 (Miss.1997); Trovato v. Trovato, 649 So.2d 815, 817-18 (Miss.1995); Davis v. Davis, 638 So.2d 1288, 1292 (Miss. 1994). Fairness is the “prevailing guide” in dividing marital property. Ferguson v. Ferguson, 639 So.2d at 921, 929 (Miss.1994). This Court will not disturb the chancellor’s findings unless they are manifestly wrong. Malone v. Odom, 657 So.2d 1112, 1116 (Miss. 1995). Considering the facts of the case, I would not find the chancellor in error for limiting Kay’s equitable share to the $12,000 she invested in rebuilding the house.
DAN LEE, C.J., joins this opinion.